2026 IL App (1st) 251019

FIRST DISTRICT,
SIXTH DIVISION
August 14, 2026

| | | |
|---|---|---|
| THE VILLAGE OF DOLTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | |
| | ) | Appeal from the |
| JENNIFER ELIZABETH STEPHENS-REDEAUX, | ) | Circuit Court of |
| DEUTSCHE BANK NATIONAL TRUST | ) | Cook County, Illinois. |
| COMPANY, and UNKNOWN OWNERS AND | ) | |
| CLAIMANTS, | ) | No. 2023 M6 4645 |
| | ) | |
| Defendants | ) | Honorable |
| | ) | George L. Canellis Jr., |
| | ) | Judge Presiding. |
| (The County of Cook, d/b/a Cook County Land Bank | ) | |
| Authority, | ) | |
| | ) | |
| Intervenor-Appellee). | ) | |

JUSTICE GAMRATH delivered the judgment of the court, with opinion.
Justices Pucinski and Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1        In May 2023, the Village of Dolton (Village) filed a complaint seeking a judicial deed over allegedly abandoned property. The trial court entered an order of property abandonment and issued a judicial deed to the Village on January 4, 2024.

¶ 2        On July 16, 2024, the County of Cook, doing business as Cook County Land Bank Authority (CCLBA), filed a petition to intervene, alleging it had purchased the property in a 2019 tax sale. The trial court granted the petition to intervene and subsequently granted

CCLBA's petition to vacate the judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)). The Village appealed. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                          A. CCLBA's Tax Deed Proceedings

¶ 5        On July 15, 2019, the property at 14546 Shepard Drive in Dolton, Illinois, was sold to CCLBA at a tax sale. The certificate of purchase is dated October 28, 2019. The redemption period for the property expired on June 6, 2022. Prior to its expiration, on March 10, 2022, CCLBA filed a petition for a tax deed. On January 11, 2023, the trial court granted the tax deed petition and directed the county clerk to issue the deed. Thirteen months later, on February 29, 2024, the county clerk recorded the tax deed.

¶ 6                      B. The Village's Abandonment Proceedings

¶ 7        On May 5, 2023, after CCLBA's tax deed petition was granted, but before the tax deed was recorded, the Village filed abandonment proceedings over the property. The Village named as defendants Jennifer Stephens-Redeaux and the Deutsche Bank National Trust Company. The Village alleged the property was "in a failed property maintenance state, in an open and hazardous condition, containing debris, garbage and other unhealthy conditions," and although the Village issued defendants written notices to remediate the property, they failed to do so. The Village did not notify or name CCLBA as a defendant.

¶ 8        Defendants did not file an appearance, and on August 15, 2023, the Village moved for default. On October 16, 2023, the trial court entered a default order of abandonment. The Village then filed a petition for judicial deed, which the trial court granted on January 4, 2024, and issued an executed judicial deed on the same date.

¶ 9        On July 16, 2024, CCLBA filed a petition to intervene as a matter of right under section 2-408(a) of the Code of Civil Procedure (*id.* § 2-408(a)). CCLBA claimed it met the criteria for intervention as of right and, as a tax purchaser, it should have been named as a defendant and served with process under the abandonment statute. See 65 ILCS 5/11-31-1 (West 2022). That statute permits municipalities to petition to demolish, repair, or enclose buildings that are dangerous, unsafe, or have been abandoned, and further provides: "All persons having an interest of record in the property, including tax purchasers and beneficial owners of any Illinois land trust having title to the property, shall be named as defendants in the petition and shall be served with process." *Id.* § 11-31-1(d).

¶ 10       The Village opposed CCLBA's petition to intervene, arguing that CCLBA had no "interest of record" at the time suit was filed since it had not recorded the deed or filed a *lis pendens* for the property. Prior to filing suit, the Village hired a title company to perform a tract search and did not find any "interest of record" in CCLBA. Nothing in the record indicates whether the Village searched public records for a tax purchaser.

¶ 11       Following a hearing, the trial court granted CCLBA's petition to intervene on October 21, 2024. CCLBA then filed a petition to vacate the judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)). The petition sought to vacate the abandonment order, vacate the judicial deed order, and declare the judicial deed null and void. The Village opposed the section 2-1401 petition, adopting its prior response to CCLBA's petition to intervene.

¶ 12       On April 29, 2025, the trial court granted CCLBA's section 2-1401 petition and dismissed the case. The Village now appeals, challenging both the court's April 29, 2025, order and its October 21, 2024, order permitting CCLBA to intervene.

¶ 13                                    II. ANALYSIS

¶ 14                                  A. Interest of Record

¶ 15        The Village first argues that CCLBA lacked an "interest of record" in the property and therefore was not required to be named as a defendant or served with process under the abandonment statute. The record and the statute say otherwise.

¶ 16        To begin, the Village omits a critical statutory command: tax purchasers must be named as defendants and given notice of abandonment proceedings. See 65 ILCS 5/11-31-1(d) (West 2022). CCLBA indisputably was a tax purchaser. It purchased the property at the 2019 tax sale and, on January 11, 2023, four months before the Village filed its petition, obtained a court order directing the County Clerk to issue a tax deed.

¶ 17        CCLBA also held an "interest of record" in the property, notwithstanding the County Clerk's delay in recording the deed. The statute speaks of an "interest of record," not a "recorded interest," as the Village suggests. Tax sales, the identity of tax purchasers, petitions for tax deeds, and court orders directing issuance of tax deeds are all matters of public record. The Village simply failed to check them. See *In re Application of the County Collector*, 220 Ill. App. 3d 933, 939 (1991) (petition for tax deed is a public record discoverable by any subsequent interest holder).

¶ 18        *Strong v. City of Peoria*, 401 Ill. App. 3d 1096 (2010), confirms the point. There, this court held that a tax lien certificate holder, who had not yet received a deed, possessed an "interest of record" under the abandonment statute and was entitled to notice before demolition. (Internal quotation marks omitted.) *Id.* at 1100. If a certificate holder must be named, then certainly a tax purchaser who has already obtained an order for issuance of a deed must be named. The Village was required to identify CCLBA as a defendant and serve it with process

before obtaining an abandonment order and judicial deed. See 65 ILCS 5/11-31-1(d) (West 2022).

¶ 19                                B. Intervention

¶ 20        Because CCLBA was statutorily entitled to notice, it follows, and the Village conceded at oral argument, that CCLBA was entitled to intervene as of right. See 735 ILCS 5/2-408(a) (West 2024); *In re Application of the County Treasurer & ex officio County Collector*, 2017 IL App (1st) 152951, ¶ 15 (setting forth the statutory factors for intervention as of right).

¶ 21        The statutory factors are plainly satisfied. First, CCLBA moved promptly upon discovering that an abandonment order and judicial deed had been entered affecting its ownership interest. Second, intervention was the only mechanism available to protect that interest. Absent intervention, the judicial deed would permanently extinguish CCLBA's rights. Third, no existing party represented CCLBA's position. The former owners were defaulted, and their interests were not aligned with those of a tax purchaser. Under these circumstances, the trial court acted well within its discretion in granting CCLBA's petition to intervene as of right.

¶ 22                         C. Section 2-1401 Petition to Vacate

¶ 23        The Village next argues the trial court abused its discretion in granting CCLBA's petition to vacate the judgment under section 2-1401. We disagree.

¶ 24        Section 2-1401 of the Code of Civil Procedure authorizes relief from final orders and judgments. 735 ILCS 5/2-1401 (West 2024). Its purpose is to "bring[ ] to the court's attention matters of fact, unknown when the judgment was entered, but which, if known, would have affected or altered the judgment." *Layfield v. Village of University Park*, 267 Ill. App. 3d 347, 350 (1994). To obtain relief, a petitioner must establish (1) the existence of a meritorious claim or defense, (2) due diligence in presenting that claim or defense in the original action, and (3) due

diligence in filing the section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). The trial court's ruling is reviewed for abuse of discretion. *Id.* at 221.

¶ 25        At the outset, we observe that the record contains no transcript of the hearing on CCLBA's petition. We therefore do not know what arguments were presented or the reasoning underlying the trial court's discretionary decision. As appellant, the Village bears the burden of providing a sufficiently complete record to support its claims of error. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Any doubts arising from an incomplete record must be resolved against the Village. *Id.* at 157.

¶ 26        The Village first argues the court erred in vacating the judicial deed, relying on *In re Application of the County Treasurer*, 308 Ill. App. 3d 897, 899-900 (1999) (*City Sites*), for the proposition that a judicial deed extinguishes all other interests, including tax deeds. *City Sites* is inapposite. There, the judicial deed itself was not challenged. The only issue was whether a subsequently issued tax deed should be vacated because of the earlier judicial deed.

¶ 27        Nothing in *City Sites* suggests that a judicial deed is immune from vacatur under section 2-1401 when sufficient cause is shown. A judicial deed, like any final order, may be vacated if the statutory and equitable requirements of section 2-1401 are met. Vacatur "restores the status quo *ante*, as though a judgment had never been entered." *Applegate v. Department of Transportation*, 335 Ill. App. 3d 1056, 1063 (2002). Because the judicial deed was properly vacated, the Village's argument necessarily fails.

¶ 28        The Village next asserts CCLBA lacked due diligence because it did not record its tax deed sooner or file a *lis pendens*, either of which allegedly would have alerted the Village before it initiated abandonment proceedings. As to recording, CCLBA could not obtain a deed until the redemption period expired on July 6, 2022. The court ordered issuance of the deed on January 11,

2023, but the deed was not recorded until February 29, 2024. The record does not explain this delay, though the Village suggests it stemmed from a backlog in the county clerk's office. If that is correct, CCLBA cannot be faulted. CCLBA timely petitioned for issuance of the deed and attempted to record it once the court granted relief.

¶ 29    The Village further contends that CCLBA should have anticipated the county clerk's backlog and filed a *lis pendens* to protect its interest. Perhaps CCLBA could have done so, but the Village cites no authority imposing such a requirement. Notably, the Village itself did not file a *lis pendens* when it commenced this action. It ultimately filed one on April 9, 2024, but this was months after the case had been dismissed and judgment entered. Had it done so initially, CCLBA might have learned of the proceedings before the judicial deed issued. In short, both parties could have taken additional steps to avoid the present circumstances. But under these facts, we cannot conclude the trial court abused its discretion in finding due diligence.

¶ 30    Finally, section 2-1401 is an equitable remedy, and a court may vacate a default even absent strict compliance with the due diligence requirements "where justice and good conscience may require it." *Smith*, 114 Ill. 2d at 225. The trial court had no notice of CCLBA's interest when it entered the abandonment order and issued the judicial deed. It is entirely plausible that, had the court been aware of CCLBA's involvement, it would not have issued the judicial deed in the first place, and thus vacatur was necessary to prevent an inequitable result. Section 2-1401 exists precisely to bring such previously unknown facts to light. Without a record of the court's reasoning, and given the equitable considerations at play, we cannot conclude that the trial court abused its discretion in granting CCLBA's petition to vacate.

¶ 31                                III. CONCLUSION

¶ 32    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 33   Affirmed.

## *Village of Dolton v. Stephens-Redeaux*, 2026 IL App (1st) 251019

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023-M6-4645; the Hon. George L. Canellis Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Gary A. Grasso and Adam R. Bowers, of Grasso Law, P.C., of Hinsdale, for appellant. |
| **Attorneys for Appellee:** | Joel Knosher, Mirna N. Bazi, and Stephen Soltanzadeh, of Denzin Soltanzadeh, LLC, of Chicago, for appellee. |